IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY JACKSON, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Warden AIMEE SMITH, )<br>)<br>)<br>Defendant. )<br>_____) | CIVIL ACTION NO. 5:20-CV-249 (MTT) |

**ORDER**

Pursuant to 28 U.S.C. § 1915A(a) and § 1915(e), United States Magistrate Judge Charles H. Weigle has conducted a screening of Defendant Aimee Smith's motion for summary judgment.  Doc. 46.  The Magistrate Judge recommends that the motion for summary judgment be granted.  Doc. 71.  Plaintiff Jimmy Jackson has objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which Jackson objects.

The Magistrate Judge recommends granting the motion for summary judgment for two reasons: (1) Smith cannot be held liable under a theory of supervisory liability for Jackson's medical treatment, and (2) Smith is entitled to qualified immunity.  Doc. 71 at 1-2.  Nothing in Jackson's objections substantively addresses either of these conclusions.[1]  Doc. 75.  Instead, Jackson details his medical issues, complaints about

---

[1] Before filing his objection, Jackson submitted additional filings which were deemed "letter[s] regarding negligence" and an affidavit.  Docs. 72; 73; 74.  Out of an abundance of caution, the Court also reviewed these filings for objections to the Recommendation and found none.  Jackson does state in these filings that he "would like for the Court to appoint [him] an attorney."  Doc. 74 at 8.  But "[a]ppointment of counsel in a civil case is not a constitutional right."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citation

cell inspections, law regarding the exhaustion of grievances, issues with the grievance procedures at his prison, his difficulties in naming medical professionals who have treated him, differences he perceives in the medical treatment of other prisoners as compared to his own, problems with his vision, and allegations of racial discrimination.[2] *Id.* None of these topics are relevant to the case at hand, which was limited at screening to Jackson's claims against Smith for the delay of Jackson's medical treatment. Doc. 24.

The only mention of issues addressed in the Recommendation are conclusory statements regarding the general nature of qualified immunity, monetary damages, and injunctions. Jackson states that: "One of the good things about an FICA claim is that the United States does not have 'qualified immunity'? 'Qualified immunity' is described in Chapter Four. For both Bivens and Section 1983 claims, the qualified immunity defense makes it hard to win money damages from government officials." Doc. 75 at

---

omitted). Rather, "it is a privilege that is justified only by exceptional circumstances." *Id.* (citation omitted). Jackson has not shown that these are exceptional circumstances. Jackson also claims his law library has limited resources and that he is only given "6 sheets of paper, 1 ink pen, 2 claim envelopes, and 2 certificates of service." Docs. 73 at 1; 74 at 6. To the extent that Jackson means to argue that his case has been hampered by library deficiencies and limitations on supplies, these claim that Jackson has been denied access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that "an inmate cannot establish relevant actual injury" regarding access to the courts "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense," but must instead "go one step further and demonstrate that the alleged shortcomings in the library … hindered his efforts to pursue a legal claim."). Additionally, the docket shows that Jackson has been able to file extensively in this case, as he has submitted forty letters to the Court in addition to his procedurally proper responses and objections. Moreover, it is improper to raise new claims at the motion for summary judgment stage. *See Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

[2] Jackson has raised several of these issues previously. *See* Doc. 71 at 1 n.1 ("Throughout his numerous filings, Plaintiff … asserts the faultiness of his medical treatment [and] continues to raise issues that were not permitted to advance in the Court's screening order.") If Jackson wishes to raise issues outside of the claim that was allowed to proceed at screening, he must do so in a separate complaint. Again, it is improper to raise new claims at the motion for summary judgment stage. *See Gilmour*, 382 F.3d at 1315. Any new claims Jackson wishes to raise must also be filed in a separate complaint.

5.[3] Jackson also claims "[m]oney damages are awarded by the Court to make defendants pay you money to make up for harm you suffered in the past," "[p]unitive damages may be awarded to punish defendants for especially bad conduct," and that he "ask[s] for a declaratory judgment is when a court makes a decision that explains your legal rights and the legal duties and obligations of the prison officials." *Id.* at 6. These statements do not address the findings and conclusions of the Recommendation.

Nevertheless, the Court has reviewed the Magistrate Judge's Recommendation de novo out of an abundance of caution. As the Magistrate Judge explained, Smith cannot be held liable under a theory of supervisory liability for the delay in Jackson's medical care. Smith did not personally participate in unconstitutional conduct, and there is no causal connection between any action of hers and the alleged unconstitutional conduct. Doc. 71 at 6-7 (citing *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008); *Hendrix v. Taylor*, 535 F. App'x 803, 805 (11th Cir. 2013)). Smith is also entitled to qualified immunity. There is no doubt that Smith acted within her discretionary authority while handling prisoner grievances and managing prison operations. Doc. 71 at 9 (citing *Underwood v. Cty. of Bessemer*, 11 F.4th 1317, 1328 (11th Cir. 2001)). And Jackson has failed to show that Smith violated his constitutional rights, as there is no evidence that Smith delayed Jackson's medical care in her supervisory capacity. *Id.*

Therefore, after review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 71) is **ADOPTED** and made the Order of the Court. Accordingly, Smith's motion for summary judgment is **GRANTED**.

---

[3] Jackson's statements are presented as they appear in his objection, including grammatical errors.

**SO ORDERED**, this 19th day of July, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
