IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-249 (MTT) |
| Warden AIMEE SMITH, | ) |
| Defendant. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle reviewed Plaintiff Jimmy Jackson's motion for reconsideration (Doc. 78) and motion for writ of mandamus (Doc. 80). The Magistrate Judge recommends that both motions be denied. Doc. 87. Jackson has objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which Jackson objects.

In a last-ditch effort to save his claims, Jackson details his ongoing medical issues and his need for surgical treatment in his motion for reconsideration. Doc. 78. While Jackson's continual health problems are unfortunate, he has not alleged any grounds to provide him relief from judgment under Federal Rule of Civil Procedure 60(b). Pursuant to Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final order or judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment

has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff has not shown relief is warranted based on the existence of any of these factors.

As the Recommendation highlights, Jackson continues to make the same vague and conclusory arguments he has raised throughout his case. Doc. 87.[1] Specifically, Jackson contends that the defendant, Warden Aimee Smith, is liable under 42 U.S.C. § 1983 based on supervisory liability arising from the failure to provide adequate medical treatment for Jackson's urinary incontinence. Doc. 71 at 6. Jackson attributes his inadequate care to the defendant because she is the warden and "if you're the warden you surpose [sic] to know what goes on, on a daily basis." Doc. 79. But as the first Recommendation outlined, Jackson cannot point to any evidence connecting the defendant to the decisions about his medical care other than the general allegation that the defendant is responsible because she is the warden. Doc. 71 at 8. Furthermore, Jackson has not presented any other evidence that would support relief from judgment under 60(b). Therefore, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 87) is

---

[1] Many of Jackson's arguments are unrelated to his Eighth Amendment deliberate indifference claim. Jackson alleges that he is the victim of a wrongful conviction, the defendants have lied in various court documents, prison medical professionals have provided negligent treatment, and the general inadequacy of the prison library system—to name a few of the various unrelated arguments Jackson has asserted in his attempt to obtain relief. Docs. 78; 79. Furthermore, Jackson has failed to provide any factual support for these claims.

-3-

**ADOPTED** and made the order of this Court.  Accordingly, Jackson's motion for reconsideration (Doc. 78) and motion for writ of mandamus (Doc. 80) are **DENIED**.[2]

    **SO ORDERED**, this 28th day of September, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Jackson has filed a notice of appeal (Doc. 81), which generally divests this Court of jurisdiction. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 57 (1982).  But, "district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion." *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003).