IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-249 (MTT) |
| Warden AIMEE SMITH, | ) |
| Defendant. | ) |

## ORDER

Plaintiff Jimmy Jackson has moved to appeal *in forma pauperis*. Doc. 91. Jackson seeks to appeal the Court's order adopting the Magistrate Judge's Report and Recommendation and granting the defendant, Warden Aimee Smith's, motion for summary judgment. Doc. 76. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

>    (A) shows . . . the party's inability to pay or to give security for fees and costs;
>    (B) claims an entitlement to redress; and
>    (C) states the issues that the party intends to present on appeal.
>
>    (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Jackson's motion to appeal *in forma pauperis* demonstrates that he is unable to pay the filing fee. Doc. 91 at 6-11.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Here, Jackson's motion to appeal *in forma pauperis* details his ongoing medical problems and his need for surgical treatment. Doc. 91. Although the Court is sympathetic to Jackson's medical issues, Jackson does not indicate how these issues

are attributable to the defendant.  Jackson merely restates the same arguments that have been rejected again and again.  The appeal, therefore, is not brought in good faith because the plaintiff has raised no issues with arguable merit.

Consequently, the plaintiff's application to appeal *in forma pauperis* (Doc. 91) is **DENIED**.

If Jackson wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.  Because Jackson has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to § 1915(b), the prison account custodian where Jackson is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Jackson's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Jackson is incarcerated.

**SO ORDERED**, this 29th day of September, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
